**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**KIMBERLY RONE**                                                                                      **PLAINTIFF**

v.                                       No. 4:14CV00542-SWW-JJV

**CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration**                                                              **DEFENDANT**

### RECOMMENDED DISPOSITION

#### Instructions

The following recommended disposition was sent to U.S. District Judge Susan W. Wright. A party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than fourteen days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within fourteen days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Wright may adopt the recommended disposition without independently reviewing all of the record evidence.

#### Recommended Disposition

Kimberly Rone seeks judicial review of the denial of her most recent application for social

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

security disability benefits.[3] Rone last worked as a factory worker for Pace Industries.[4] She claims she's been disabled since she quit her job in September 2010.[5] She based her claim on seizures, epilepsy, bipolar disorder, hepatitis C, back pain, and mental symptoms,[6] but she identified back pain as the primary reason she can't work.[7]

**The Commissioner's decision**. The Commissioner's ALJ identified severe impairments — knee pain following arthroscopic knee surgery, Hepatitis C, carpal tunnel syndrome in both wrists, seizure disorder, obesity, degenerative disc disease in the spine, and depressive disorder[8] — but determined Rone can do some light work.[9] After questioning a vocational expert about work for a person with Rone's limitations, the ALJ determined that work exists that Rone can do, to include her past work as a cashier.[10] Because a person who can do her past work is not disabled under social

---

[3]SSA record at pp. 134 & 136. Rone has sought disability benefits beginning in 1995. The agency record reflects three prior applications. *See id*. at pp. 144, 172, 414, 508 & 777.

[4]*Id*. at pp. 39, 158 & 202.

[5]Rone originally claimed she has been disabled beginning Jan. 3, 2004, *id*. at pp. 134 & 136, but during her hearing, she amended her onset date to Sept. 15, 2010, *id*. at pp. 35-36.

[6]*Id*. at p. 176.

[7]*Id*. at p. 40.

[8]*Id*. at p. 13.

[9]*Id*. at p. 16 (placing the following limitations on light work: (1) occasional stooping, kneeling, crouching, or crawling; (2) no climbing ladders, ropes, or scaffolds; (3) no work hazards; (4) incidental interpersonal contact; (5) one-to-two step tasks learned and performed by rote with few variable and little judgment; (6) simple, direct, concrete supervision; (7) tasks that can be learned in 30 days; and (8) no work in the food service industry).

[10]*Id*. at pp. 22-23 (also identifying electronic worker, mail clerk, and office cleaner as work Rone can do).

security law,[11] the ALJ denied the application.

After the Appeals Council denied a request for review,[12] the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[13] Rone filed this case to challenge the decision.[14] In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[15] This recommendation explains why substantial evidence supports the decision and why the ALJ made no legal error.

**Rone's allegations**. Rone challenges one aspect of the ALJ's decision — she says the ALJ failed to consider her treating physician's medical opinion. She says the ALJ should have found her disabled because the physician reported disabling symptoms of her seizure disorder. Rone asks for a remand because the ALJ failed to articulate the weight given the opinion. She maintains substantial evidence does not support the opinion because the ALJ failed to consider her symptoms.[16]

**Applicable legal principles**. "Under the Commissioner's regulations, a treating physician's opinion is given 'controlling weight' if it 'is well-supported by medically acceptable clinical and

---

[11]20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) ("If you can still do your past relevant work, we will find that you are not disabled.").

[12]SSA record at p. 1.

[13]See Anderson v. Sullivan, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[14]Docket entry # 1.

[15]See 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[16]Docket entry # 11.

laboratory diagnostic techniques and is not inconsistent with the other substantial evidence.'"[17] "[A]n ALJ may grant less weight to a treating physician's opinion when that opinion conflicts with other substantial medical evidence contained within the record."[18] Application of these principles shows no error.

**The challenged statement does not represent a treating physician opinion**. The Commissioner's regulations favor treating physician opinions, in part, because treating physicians "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s)...."[19] For this reason, the length of the treatment relationship and the frequency of examination are important considerations in weighing a treating-physician opinion.[20] In general, the longer the physician has treated the claimant, and the more times the physician has seen the claimant, the more weight the opinion deserves.[21]

The challenged statement is based on one visit[22] — Rone's first visit with a neurologist. The visit was generated for clearance for Hepatitis C treatment.[23] During the visit, Rone reported two to three seizures per week, each lasting for thirty to sixty minutes, followed by sleeping for two to three days.[24] The specialist recorded the reported symptoms on an agency form titled "Treating

---

[17]*Dolph v. Barnhart*, 308 F.3d 876, 878 (8th Cir. 2002).

[18]*Prosch v. Apfel*, 201 F.3d 1010, 1013-14 (8th Cir. 2000).

[19]20 C.F.R. § 404.1527(c)(2) & 416.927(c)(2).

[20]*Id*.

[21]*Id*.

[22]SSA record at pp. 511-12 (reflecting "first visit 7/27/11" and dating the statement as "7/27/11").

[23]*Id*. at p. 1002 ("will require new clearance letter for HCV treatment").

[24]*Id*. at p. 1012.

4

Physician's Report for Seizure Disorder." The form reflects only Rone's subjective reports; those reports are not entitled to controlling weight.

**The physician observed no symptoms**. When assessing a claimant's subjective reports, an ALJ must consider treating and examining physicians' observations about a claimant's symptoms.[25] The neurologist's statement is properly considered an examining physician's statement, because the statement was based on Rone's subjective reports during one visit. At that point, no treatment relationship was established. Rone says the ALJ failed to consider the neurologist's statement, but page nine of the unfavorable decision describes the statement.[26] The statement, however, doesn't reflect medical observations, because the neurologist observed no seizure. Instead, the physician admitted Rone for video-EEG monitoring to determine whether Rone's "spells" are epileptic in nature.[27] Rone's spells are not epileptic in nature.[28] No neurological reason precluded Hepatitis C treatment.[29]

**Medication controls Rone's seizures**. "An impairment which can be controlled by … medication is not considered disabling."[30] Although Rone reported weekly seizures, six months

---

[25] *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

[26] SSA record at p. 19. Rone's complaint may haave flowed from the neurologist's signature. The neurologist's name is "Greenfield." The ALJ referred to the physician as "Greenthal." The physician's signature on the last page of the statement looks like "Greenthal." *Id*. at p. 512.

[27] *Id*. at p. 1016. The physician characterized Rone's episodes as "spells." Monitoring showed Rone's spells are not epileptic seizures. *Id*. at p. 1184.

[28] *Id*. at p. 1184.

[29] *Id*. at p. 1016 ("There is not contradiction from a neurological perspective for her to undergo therapy for HCV.").

[30] *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

later, she reported "doing well" with prescribed medication; she had experienced no "spells."[31] The neurologist continued the prescribed anti-seizure medication, with plans to taper the medication in six months if she remained seizure-free.[32] The physician never tapered the medication, because Rone requested a new neurologist.[33] The record includes no treatment records from a new neurologist. The record as a whole shows medication controls Rone's spells.

## Conclusion and Recommended Disposition

The ALJ did not err in considering the neurologist's statement because, at the time, no treatment relationship existed and the neurologist observed no symptoms. The statement provides no detailed, longitudinal picture of Rone's impairments. No basis existed for controlling weight. Substantial evidence supports the ALJ's decision because a reasonable mind would accept the evidence as adequate to support the decision; the medical evidence reflects no disabling symptoms and vocational evidence shows Rone can do her past work. For these reasons, the undersigned magistrate judge recommends denying Rone's request for relief (docket entry # 2) and affirming the Commissioner's decision.

Dated this 16th day of June, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[31] SSA record at p. 1213 ("Ms. Rone has not had any recurrence of spells.").

[32] *Id*.

[33] *Id*. at p. 1250 ("Patient request[ed] to be referred to a different neurologist due to NOT being able to get in to see physician.").